UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MEDICAL MANAGER HEALTH
SYSTEMS, INC. and WEBMD CORPORATION,

    Plaintiffs,

v.                                            Case No. 3:04mc446(JBA)

KEVIN KENNEDY,

    Defendant.
_____/

FILED
Aug 31  1 43 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## WEBMD CORPORATION AND MEDICAL MANAGER HEALTH SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SECOND AMENDED SUBPOENA DUCES TECUM OR IN THE ALTERNATIVE TO REQUIRE A CONSENT DIRECTIVE FOR THE RELEASE OF FEDERAL INCOME TAX RETURNS AND SUPPORTING MEMORANDUM OF LAW

    WebMD Corporation and Medical Manager Health Systems, Inc. (collectively, "WebMD"), by and through their undersigned attorney, and pursuant to Fed.R.Civ.P. 37(a)(1) and (2), respectfully move this Court to enter an Order compelling Kevin Kennedy ("Kennedy") to comply with the second amended subpoena duces tecum served on him on March 10, 2004, or in the alternative to require Kennedy to sign a consent directive for the release of his federal income tax returns. In support of this motion, WebMD states:

    1.    WebMD has filed a four count complaint against a former employee, Robert W. Davids ("Davids"), for fraud (Count I), conversion (Count II), breach of fiduciary duty (Count III) and the imposition of a constructive trust (Count IV) in <u>WebMD and Medical Manager v. Robert W. Davids</u>, case number 8:03-CV-632-T-26TGW, currently pending before the Honorable United States District Judge Richard A. Lazzara in the Middle District of Florida, Tampa Division.

    2.    WebMD has discovered that Davids, who was responsible for the acquisition of

*\*\*WebMd respectfully requests oral argument on the Motion to Compel*

independent WebMD dealers, involved several other former WebMD employees in a scheme to steal millions of dollars from WebMD. Davids and others induced WebMD to pay inflated purchase prices for the acquisition of the independent dealers and then induced the acquired dealers to pay all or part of the inflated purchase price to Davids and/or others. The money was paid directly to Davids, to dummy corporations associated with Davids, or funneled by Davids through other former employees of WebMD. Davids and others stole more than $3 million from WebMD in connection with this fraudulent scheme.

3. Several independent dealers have admitted participating in the fraudulent scheme at the direction of Davids and other former WebMD employees.

4. Kevin Kennedy is a former WebMD employee who worked in the finance department. Kevin Kennedy's duties included participation in the dealer acquisition program.

5. WebMD has discovered a number of financial transactions involving Davids, independent dealers, and Kennedy. In several of these transactions either Davids or an independent dealer being acquired by WebMD under the direction of Davids, deposited large sums of United States currency into Kennedy's bank account.

6. For example, WebMD has discovered that on January 24, 2000, Kennedy received a check for $37,500 from H.R. Consultants, which is a dummy corporation associated with Davids. A copy of the check is attached to this motion as Exhibit A. Kennedy has never provided representatives from WebMD with an explanation for this transaction.

7. Also, on February 1, 2001, Davids wrote a check in the amount of $35,926.50 to Kennedy. A copy of the check is attached to this motion as Exhibit B. The check was deposited by Kennedy into his SunTrust bank account. When WebMD representatives contacted Kennedy about the $35,926.50 check from Davids, Kennedy refused to discuss the check.

8. WebMD has also discovered that Kennedy received a $20,000 check from an

2

independent dealer, Glen Moss, shortly after his dealership was acquired by WebMD in May 2000. A copy of the check is attached to this motion as <u>Exhibit C</u>. Kennedy has refused to provide an explanation for these transactions.

9. Based upon such discoveries, on February 20, 2004, WebMD served a subpoena on SunTrust Bank and other financial institutions requesting various bank records concerning Kennedy and a company he owned, Shoreline Wireless Solutions.

10. Although several financial institutions responded to the subpoenas and produced bank records, SunTrust Bank filed a response stating that it would not produce the requested records without a court order or the consent of the account holder. Kennedy and his company, Shoreline Wireless Solutions, refused to consent to the production of the records.

11. On March 5, 2004, WebMD and Medical Manager filed a Motion for Order Authorizing SunTrust Bank to Produce Banking Records and Supporting Memorandum of Law. Kennedy filed a response in opposition to the motion and a hearing was held before Judge Lazzara on March 18, 2004. After hearing argument of counsel, Judge Lazzara entered an Order authorizing WebMD to issue a subpoena duces tecum to SunTrust Bank for the banking records of Kennedy and Shoreline Wireless Solutions for the period of January 1, 1999, through January 1, 2003.

12. WebMD reviewed bank records from SunTrust Bank and other financial institutions and discovered several financial transactions involving Davids and Kennedy.

13. In an effort to discover the depth of the fraudulent scheme, WebMD has served Kennedy with a subpoena duces tecum requesting the production of tax returns and other documentation relating to the dealer acquisition program. The subpoena also asked for any documents pertaining to dummy corporations associated with Davids and independent dealers acquired during the dealer acquisition scheme. A copy of the subpoena served on Kennedy is

3

attached to this motion as <u>Exhibit D</u>. Kennedy filed an objection to the second amended subpoena in the Middle District of Florida which is attached as <u>Exhibit E</u>.

14. Federal Rule of Civil Procedure 45(e) requires a person without adequate excuse to obey a subpoena that is served upon him. Kennedy has failed to provide an adequate excuse for his noncompliance with the subpoena duces tecum served on him.

15. WebMD now files this Motion to Compel Kennedy to comply with the subpoena duces tecum, or in the alternative, to require that he sign a consent directive for the release of his federal income tax returns.

16. WebMD respectfully requests oral argument on the Motion to Compel.

## MEMORANDUM OF LAW

WebMD files this memorandum of law in support of their Motion to Compel Kennedy to comply with the subpoena duces tecum, or in the alternative to require that he sign a consent directive for the release of his federal income tax returns. Federal Rule of Civil Procedure 45(e) states, "Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued." To date, Kennedy has failed to comply with the subpoena duces tecum served upon him by WebMD. Instead, Kennedy has filed an objection contending that the subpoena requests documents that are confidential and protected under Connecticut and Florida law, is overly broad and unduly burdensome, and seeks material that is wholly irrelevant. However, as outlined in this memorandum of law, Kennedy has failed to provide an adequate excuse to justify his noncompliance with the subpoena duces tecum. WebMD respectfully requests that this Court enter an order requiring Kennedy to comply with the subpoena duces tecum.

*\*\*WebMd respectfully requests oral argument on the Motion to Compel*

4

### A. Kennedy's general assertion of protection by Connecticut and Florida Law does not justify his non-compliance with the subpoena duces tecum.

Kennedy contends that the subpoena served upon him requests documents that are confidential and protected under Connecticut and Florida law. However, Kennedy's general assertion that the subpoena duces tecum requests documents that are protected under Connecticut and Florida law does not obviate his need to comply with the subpoena. See McGaugherty v. Siffermann, 132 F.R.D. 234, 248 (N.D.Cal. 1990)("A party who, relying on any privilege . . . does not produce all requested documents, or does not fully answer a discovery probe must state in its response to the request or probe that it is invoking a privilege. A party who invokes a privilege must specify which privilege or doctrine it is invoking."); See also U.S. v. Bell, 1994 WL 665295 p. 7 (N.D.Cal. 1994)("A claim of privilege must be supported by a statement of particulars sufficient to enable the court to assess it validity . . . In the case of a document, such a statement should specify the privilege relied on and include the date, title, description, subject and purpose of the document."). Kennedy fails to specify which Connecticut or Florida law protects him from complying with the subpoena duces tecum. Consequently, neither WebMD nor this Court can properly assess whether the subpoena duces tecum seeks records that are protected under any provision in Connecticut or Florida law. Kennedy's general assertion of protection is improper, and is not a basis for his noncompliance with the subpoena. As a result, this Court should compel Kennedy's compliance with WebMD's subpoena duces tecum.

Although not raised as an objection, WebMD anticipates Kennedy may raise his Fifth Amendment privilege against self-incrimination as a basis for his blanket refusal to comply with the subpoena. However, "a blanket refusal to produce records or to testify will not support a Fifth Amendment claim." In re DG Acquisition Corp. v. Dabah, 151 F.3d 75, 81 (2nd Cir. 1998) (quoting U.S. v. Argomaniz, 925 F.2d 1349, 1356 (11th Cir. 1991)). If Kennedy is relying upon

the Fifth Amendment as the reason for his noncompliance with the subpoena duces tecum, he must provide justification for the assertion of that privilege on a document-by-document basis. See U.S. v. Allee, 888 F.2d 208, 212 (1st. Cir. 1989).

Additionally, even if Kennedy has not waived his right to assert the Fifth Amendment privilege,[1] this Court should enter an order compelling Kennedy to authorize the Internal Revenue Service to release his federal income tax returns. The Second Circuit has addressed this issue and concluded that compelled execution of a directive allowing the IRS to release tax returns of a criminal target does not violate the privilege against self-incrimination because the directive itself is not testimonial in nature. In re Grand Jury Subponea. Two Grand Jury Contemnors v. U.S., 826 F.2d 1166, 1170 (2nd Cir. 1987); In re N.D.N.Y. Grand Jury Subpoena # 86-0351-S, 811 F.2d 114, 117 (2nd Cir. 1987); Doe v. U.S., 860 F.2d 40, 49 (2nd Cir. 1988). Requiring Kennedy to sign a consent directive authorizing the release of his tax returns would not violate his Fifth Amendment rights; therefore, this Court, at the very least, should enter an order requiring Kennedy to sign a consent directive authorizing the release of his federal tax returns.

### B. The subpoena duces tecum is not overly broad and unduly burdensome.

Kennedy also contends that he should not have to comply with the subpoena duces tecum because it is overly broad and unduly burdensome. Evaluating the burdensomeness of a subpoena depends on the context of the case in which it is served. See In re Grand Jury Subpoena, 1992 WL 142014 p. 7 (E.D.NY 1992). The context of this case is that WebMD has discovered the theft of over $3 million as a result of a fraudulent scheme pertaining to the dealer acquisition program. Based upon reviewing financial records, as well as interviewing several

---

[1] Kennedy's failure to assert his Fifth Amendment privilege in his objection to the subpoena duces tecum may be deemed a waiver of that privilege. See In re DG Acquisition Corp. v. Dabah, 151 F.3d 75, 80 (2nd Cir. 1998)("The Fifth Amendment privilege is not self-executing; if not invoked it may be deemed to have been waived.").

6

independent dealers, WebMD has learned that several former employees participated in this fraudulent scheme. Davids and Kennedy are both former employees of WebMD that participated in the dealer acquisition program. WebMD has also discovered a number of unauthorized financial transactions involving Davids, Kennedy, and independent dealers. Kennedy has refused to provide explanations or justifications for these unauthorized financial transactions. Based upon these circumstances, WebMD's subpoena duces tecum, which merely requests documents related to the interaction with Davids, dummy corporations associated with Davids, independent dealers, and Kennedy, is not overly broad. Kennedy cannot demonstrate that the subpoena duces tecum at issue is overly broad; therefore, this Court should enter an order requiring his compliance with the subpoena duces tecum.

### C. The subpoena duces tecum does not request documents that are wholly irrelevant.

Finally, Kennedy incorrectly contends that WebMD's subpoena duces tecum seeks the discovery of materials that "would be wholly irrelevant." See Kennedy's objection to the subpoena duces tecum attached as Exhibit E. Notably, Federal Rule of Civil Procedure 26(b)(1) states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"Relevance under Rule 26(b)(1) broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Daval Steel Products, Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2nd Cir. 1991) (internal quotations omitted, citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98

S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). The "term 'reasonably calculated' in the quoted provision means any possibility that the information sought may be relevant to the subject matter of the action." Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.NY. 1988).

The subject matter of this action includes the activities of Davids and several former WebMD employees in a fraudulent scheme to embezzle large sums of money. The subpoena duces tecum at issue seeks information which would assist in identifying the former WebMD employees that participated in the fraudulent scheme, determine the financial magnitude of the embezzlement, and locate other independent dealers that participated in the fraudulent scheme. Certainly, the requested discovery has the possibility of being relevant to issue of the embezzlement of funds by Davids and other former employees of WebMD. The subpoena duces tecum at issue does not request documents that are "wholly irrelevant;" therefore, this Court should enter an order compelling Kennedy to comply with the subpoena duces tecum.

## CONCLUSION

Kennedy has failed to provide an adequate excuse for his noncompliance with the subpoena duces tecum served on him on March 10, 2004. Additionally, Kennedy has failed to demonstrate that the subpoena duces tecum seeks documents that are protected under Connecticut and Florida law, is unduly burdensome and overly broad, or seeks material that is wholly irrelevant. Consequently, Kennedy has failed to justify his noncompliance with the subpoena duces tecum. WebMD respectfully requests this Court enter an order compelling Kennedy to comply with the subpoena duces tecum served on him on March 10, 2004.

## CERTIFICATE OF GOOD FAITH

Before filing this motion, attorneys for WebMD and Medical Manager conferred both in writing and over the telephone with counsel for Kevin Kennedy, Timothy Pothin, in an effort to

8

resolve the issues that are raised in this motion. Kennedy's counsel would not agree to the relief requested in the motion. Please see attached to the motion to compel as <u>Exhibit F</u> the Affidavit of Dennis P. Waggoner, pursuant to local rule 37 of the United States District Court for the District of Connecticut. In addition, before filing this motion, attorneys for WebMD and Medical Manager conferred with counsel for Robert Davids, Richard Petitt. Davids' counsel advised that he has no objection to the motion to compel.

_____
Rosalind K. Bak
Connecticut Bar No. 403663
Connecticut District Court No. 09271
HILL, WARD & HENDERSON, P.A.
3700 Bank of America Plaza
101 E. Kennedy Boulevard
P.O. Box 2231
Tampa, FL 33601
(813) 221-3900 Telephone
(813) 221-2900 Telecopier
Attorney for Medical Manager Health Systems, Inc. and WedMD Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been sent by facsimile and U.S. Mail to **Richard T. Petitt, Esquire** of Bricklemyer Smolker & Bolves, P.A., as attorney for Robert W. Davids, 500 East Kennedy Boulevard, Suite 200, Tampa, FL 33602 and **Timothy P. Pothin, Esquire**, Lynch, Traub, Keefe & Errante, as attorney for Kevin Kennedy, 52 Trumbull Street, P.O. Box 1612, New Haven, CT 06506-1612, on this 26 day of August, 2004.

_____
Attorney

G:\DPW\WebMD (Medical Manager Corporation)\Davids\Pleadings\Mot. to Compel (Kennedy)5.doc

## CASHIER'S CHECK

**1571**

87-733/632

REMITTER: H R Consultants

DATE: 1-24-00

PAY TO THE ORDER OF: Kevin Kennedy

$37,500.00

THE CITIZENS BANK - SUMTER  *** 37,500 AND 00 CTS ***

DOLLARS

The Citizens Bank
Sumter, South Carolina 29150

Sheila D. Rick

⑈"0000l57l"⑈ ⑉:053207339⑉: 300 0l7 6⑈"   "0003750000"

**EXHIBIT A**

```
WS9   ADFS

PFC-HM
OLENA DAUGHERTY
THO       HILTON HEAD MAIN



Enclosed 001 V4AR 026-26-3581101319
Entered   6/30/03
```



EXHIBIT B



REQUEST 20040331001443  20000.00
ROLL P00988  20000607 000000055495824
JOB - ACS P  ACCT 0200008888544955
REQUESTER SYLVIA DANIELS
. FILE #49198--SD---

SUBPOENAS AND SUMMONS
PA4292
PHILADELPHIA, PA  99, 99 9-999

EXHIBIT
C

Wachovia - Moss
001320