AO 88 (Rev. 1/94) Subpoena In a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MEDICAL MANAGER HEALTH SYSTEMS, INC.
and WEBMD CORPORATION,

Plaintiff,

v.

ROBERT W. DAVIDS,

Defendant.

_____/

**SECOND AMENDED**

**SUBPOENA IN A CIVIL CASE**

Case No. 8:03-CV-632-T-26TGW
USDC, Middle District of Florida, Tampa Division

**TO:**   **KEVIN KENNEDY**
     **Shoreline Wireless Solutions**
     **847 Forest Road (Rte-22)**
     **Northford, CT  06472**
     **(203) 484-7000**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| | |
|---|---|
| | COURTROOM |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Courtyard by Marriott** **Conference Room** **2 Eagle Road** **Danbury, CT 06810** **203/730-2228** | **Thursday** **March 18, 2004** **At 3:30 pm** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attached Exhibit "A"**

| PLACE | DATE AND TIME |
|---|---|
| **SAME AS ABOVE** | **Thursday** **March 18, 2004** **At 3:30 pm** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | March 4, 2004 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | | |
|---|---|---|
| Dennis P. Waggoner Florida Bar No. 509426 | HILL, WARD & HENDERSON, P.A. 2700 Bank of America Plaza 101 E. Kennedy Boulevard P. O. Box 2231 Tampa, FL  33601 | Telephone: (813) 221-3900 Facsimile: (813) 221-2900 |

**EXHIBIT**

tabbies

D

**(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on next page.)**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

SIGNATURE OF SERVER

Executed on _____

DATE

ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
        (1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.
        (2)      (A)      A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
                 (B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
        (3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
                 (i)      fails to allow reasonable time for compliance;
                 (ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the lace where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order

To attend trial be commanded to travel from any such place within the state in which the trial is held, or
                 (iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or
                 (iv)     subjects a person to undue burden.
        (B)      If a subpoena
                 (i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or
                 (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
                 (iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trail, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      DUTIES IN RESPONDING TO SUBPOENA.
        (1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
        (2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## EXHIBIT "A" TO SUBPOENA FOR DEPOSITION OF KEVIN KENNEDY

### DEFINITIONS

The following definitions and instructions apply to this request for production of documents:

1. "**Document**" means any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody, or control, including, but not limited to: memoranda, reports, letters, notes telegrams, electronic correspondence, and other communications recorded in any form or medium; notes, summaries, minutes, and transcripts of conferences, meetings, and telephone or other communications; contracts and other agreements; statements, ledgers, cancelled checks, and other records of financial matters or commercial transactions; notebooks and diaries; diagrams, graphs, charts, and other drawings; plans and specifications; publications; photographs; photocopies, microfilm, and other copies or reproductions; tape, disk, and other electronic recordings; and computer printouts. The term includes all drafts of documents, the original document (or a copy thereof if the original is not available), and all copies that differ in any way from the original, including, but not limited to, any notation, deletion, underlining, marking, attachment, or information not on the original. The term also includes information stored, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

2. "**Including**" means including, but not limited to.

3. "**Relating to**" or "**relates to**" means any document that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, describes, involves, affects, responds to, or in any way pertains to the given subject.

4. "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents which might otherwise be construed to be outside its scope.

5. "**All**" includes the word "any" and "any" includes the word "all."

6. "**Medical Manager**" refers to Medical Manager Corporation, Medical Manager Health Systems, Inc., Medical Manager Northeast, Inc., Medical Manager Sales & Marketing, Inc., and all of their affiliated, predecessor and successor corporations.

1

AO 88 (Rev. 1/94) Subpoena In a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| DATE | | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                    DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

---

**Rule 45, Federal Rules of Civil Procedure, Parts C&D:**

(c)      PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)      (A)      **A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.**

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)      requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(III) of this rule, such a person may in order

To attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)      requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)      subjects a person to undue burden.

(B)      If a subpoena

(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)      requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trail, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      DUTIES IN RESPONDING TO SUBPOENA.

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

# EXHIBIT "A" TO SUBPOENA FOR DEPOSITION OF KEVIN KENNEDY

## DEFINITIONS

The following definitions and instructions apply to this request for production of documents:

1. "**Document**" means any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody, or control, including, but not limited to: memoranda, reports, letters, notes telegrams, electronic correspondence, and other communications recorded in any form or medium; notes, summaries, minutes, and transcripts of conferences, meetings, and telephone or other communications; contracts and other agreements; statements, ledgers, cancelled checks, and other records of financial matters or commercial transactions; notebooks and diaries; diagrams, graphs, charts, and other drawings; plans and specifications; publications; photographs; photocopies, microfilm, and other copies or reproductions; tape, disk, and other electronic recordings; and computer printouts. The term includes all drafts of documents, the original document (or a copy thereof if the original is not available), and all copies that differ in any way from the original, including, but not limited to, any notation, deletion, underlining, marking, attachment, or information not on the original. The term also includes information stored, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

2. "**Including**" means including, but not limited to.

3. "**Relating to**" or "**relates to**" means any document that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, describes, involves, affects, responds to, or in any way pertains to the given subject.

4. "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents which might otherwise be construed to be outside its scope.

5. "**All**" includes the word "any" and "any" includes the word "all."

6. "**Medical Manager**" refers to Medical Manager Corporation, Medical Manager Health Systems, Inc., Medical Manager Northeast, Inc., Medical Manager Sales & Marketing, Inc., and all of their affiliated, predecessor and successor corporations.

1

## INSTRUCTIONS

1.    As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

2.   The use of a verb in any tense shall be construed as the use of a verb in all other tenses, whenever necessary to bring within the scope of this Request all documents which might otherwise be construed to be outside its scope.

3.   The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical in all respects.

4.   In responding to this request, you must produce all documents in your possession or custody or subject to your control.  A document shall be deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

5.   If any portion of a document is responsive to this request, then the entire document must be produced.  If any document contains privileged material, produce the entire document with the privileged material deleted.  If any document cannot be produced in full for a reason other than a claim of privilege, produce the document to the extent possible, specify why you cannot produce the remainder of the document, and provide any information, knowledge, or belief you have concerning the unproduced portion.

6.   In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

7.   All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

8.   Each document shall be produced in such fashion as to identify the "department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of the document's custodian.

9.   Any documents that are stapled, clipped, or otherwise fastened together shall not be separated.

2

10. If any otherwise responsive document was, but is no longer in existence or in your possession, custody, or control, identify its current or last known custodian and describe in full the circumstances surrounding its disposition.

11. If you claim the attorney-client privilege, work product, or any other privilege or protection for an entire document, that document need not be produced but you shall preserve the document and shall provide the following information with respect to each such document:

    a.  the nature of the privilege or other rule of law relied upon and any facts supporting your position;

    b.  the date the document was prepared, the date it bears, the date it was sent out, and the date it was received;

    c.  the author(s) of the document and each other person who prepared or participated in the preparation of the document;

    d.  a description of its subject matter (including any attachments or appendices) and physical size;

    e.  all addressees or recipients of the original or a copy thereof, tighter with the date on which the recipients received the document;

    f.  all other persons to whom the contents of the document have been disclosed in whole or in part, the date such disclosure took place and the means of disclosure, and the present location of the document and all copies thereof; and

    g.  each person having custody or control of the document and all copies thereof.

12. Unless otherwise specified, this request calls for the production of documents prepared, sent, received or in effect at any time after **February 13, 1997 to the present**.

3

## DOCUMENTS TO BE PRODUCED

1. All documents and records, including cancelled checks (front and back) and wire transfer information, relating to any individual or joint bank account or brokerage account in the name of Kevin Kennedy.

2. All documents relating to Medical Manager's dealer acquisition program.

3. All documents relating to your contributions to or involvement in Medical Manager's dealer acquisition program.

4. All documents relating to your duties, responsibilities, and activities as an employee of Medical Manager.

5. All documents relating to your employment with Medical Manager and the reasons for leaving your employment with Medical Manager.

6. All tax returns, tax documents, tax reports and records, refund checks (front and back), and any correspondence with an accountant or other financial advisor, relating to Kevin Kennedy.

7. All documents relating to any of the following individuals or companies:
   a. Robert W. Davids
   b. Patrick J. Sedlacek
   c. Henry Holbrook
   d. Caroline Bembry
   e. Charles Hutchison
   f. William Kottage
   g. Shelby Stilp
   h. Robert Lee
   i. Glen Moss
   j. George King
   k. Mike Sherman
   l. Alan Monette
   m. Dick Pedersen
   n. Any corporation, partnership, association, business, proprietorship or entity owned or controlled by any of the individuals listed above, including:
      i. Strategic Resource Group,
      ii. Infinity Consulting Group,
      iii. Cardinal Consulting,
      iv. Poseidon Consulting,
      v. Arrow Consulting,
      vi. Medical Computer Systems, Inc.,
      vii. Software Systems, Inc.,
      viii. SkillTech,
      ix. MedTech,

4

> x. Moss Systems, Inc.,
> xi. Micro Edge, Inc.,
> xii. PC Anywhere Group, LLC,
> xiii. Computer Migration Consultants.

8. All communications, correspondence, and e-mail correspondence with any of the following individuals or companies:
   a. Robert W. Davids
   b. Patrick J. Sedlacek
   c. Henry Holbrook
   d. Caroline Bembry
   e. Charles Hutchison
   f. William Kottage
   g. Shelby Stilp
   h. Robert Lee
   i. Glen Moss
   j. George King
   k. Mike Sherman
   l. Alan Monette
   m. Dick Pedersen
   n. Any corporation, partnership, association, business, proprietorship or entity owned or controlled by any of the individuals listed above, including:
      i. Strategic Resource Group,
      ii. Infinity Consulting Group,
      iii. Cardinal Consulting,
      iv. Poseidon Consulting,
      v. Arrow Consulting,
      vi. Medical Computer Systems, Inc.,
      vii. Software Systems, Inc.,
      viii. SkillTech,
      ix. MedTech,
      x. Moss Systems, Inc.,
      xi. Micro Edge, Inc.,
      xii. PC Anywhere Group, LLC,
      xiii. Computer Migration Consultants.

9. All agreements or contracts with any of the following individuals or companies:
   a. Robert W. Davids
   b. Patrick J. Sedlacek
   c. Henry Holbrook
   d. Caroline Bembry
   e. Charles Hutchison
   f. William Kottage
   g. Shelby Stilp
   h. Robert Lee
   i. Glen Moss

5

     j.  George King
     k.  Mike Sherman
     l.  Alan Monette
     m.  Dick Pedersen
     n.  Any corporation, partnership, association, business, proprietorship or entity owned or controlled by any of the individuals listed above, including:

       i.  Strategic Resource Group,
      ii.  Infinity Consulting Group,
    iii.  Cardinal Consulting,
    iv.  Poseidon Consulting,
     v.  Arrow Consulting,
    vi.  Medical Computer Systems, Inc.,
   vii.  Software Systems, Inc.,
  viii.  SkillTech,
    ix.  MedTech,
     x.  Moss Systems, Inc.,
    xi.  Micro Edge, Inc.,
   xii.  PC Anywhere Group, LLC,
  xiii.  Computer Migration Consultants.

10. All documents and banking records for Kevin Kennedy, including cancelled checks (front and back) and wire transfer information, relating to any money received from or transferred to any of the following individuals or companies:

     a.  Robert W. Davids
     b.  Patrick J. Sedlacek
     c.  Henry Holbrook
     d.  Caroline Bembry
     e.  Charles Hutchison
     f.  William Kottage
     g.  Shelby Stilp
     h.  Robert Lee
     i.  Glen Moss
     j.  George King
     k.  Mike Sherman
     l.  Alan Monette
     m.  Dick Pedersen
     n.  Any corporation, partnership, association, business, proprietorship or entity owned or controlled by any of the individuals listed above, including:

       i.  Strategic Resource Group,
      ii.  Infinity Consulting Group,
    iii.  Cardinal Consulting,
    iv.  Poseidon Consulting,
     v.  Arrow Consulting,
    vi.  Medical Computer Systems, Inc.,
   vii.  Software Systems, Inc.,
  viii.  SkillTech,

6

     ix.  MedTech,
      x.  Moss Systems, Inc.,
     xi.  Micro Edge, Inc.,
    xii.  PC Anywhere Group, LLC,
   xiii.  Computer Migration Consultants.

11.    All documents and records relating to a February 1, 2001 check in the amount of $35,926.50 written to Kevin Kennedy from Robert Davids' Regions Bank Account No. 39-0392-9272.

12.    All documents and records, including cancelled checks (front and back) and wire transfer information, relating to any individual or joint accounts in the name of Robert W. Davids or Patrick J. Sedlacek.

13.    All documents and records, including cancelled checks (front and back) and wire transfer information, relating to accounts in the name of any corporation, partnership, association, business, proprietorship or entity in which Robert W. Davids or Patrick J. Sedlacek is an agent, employee or representative, including Strategic Resource Group, Infinity Consulting Group, Cardinal Consulting, Poseidon Consulting, or Arrow Consulting.

14.    All documents and banking records, including cancelled checks (front and back) and wire transfer information, relating to two checks from Medical Manager to Medical Computer Systems, each in the amount of $255,000, and a check from Medical Manager to Holt enterprises in the amount of $166,024.17.



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL MANAGER HEALTH SYSTEMS, :   CASE NO. 8:03-CV-632-T-26TGW
INC. and WEBB MD CORPORATION   :
                               :
       Plaintiffs               :
                               :
V.                                   :
                               :
ROBERT W. DAVIDS             :
                               :
       Defendant.            :   MARCH 17, 2004

### KEVIN KENNEDY'S OBJECTIONS TO SECOND AMENDED SUBPOENA

Pursuant to Rules 45 and 26b of the Federal Rules of Civil Procedure, Kevin Kennedy, a nonparty witness, hereby objects to the subpoena duces tecum served on him by plaintiffs in the District of Connecticut. The subpoena is vastly overbroad. The subpoena seeks production of all Mr. Kennedy's bank, tax returns and vast array of other records, many of which are not even marginally relevant in the above-referenced action.

Specific objections are as follows:

1. All documents and records, including cancelled checks (front and back) and wire transfer information, relating to any



EXHIBIT
E

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20258 K. KENNEDY\001 FEDERAL INVESTIGATION - TPP\OBJECTION.DOC

-1-

individual or joint bank account or brokerage account in the name of Kevin Kennedy.

**OBJECTION:  These records are confidential and protected under Connecticut Law and Florida Law. This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the documents sought are wholly irrelevant.  The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

2.  All documents relating to Medical Manager's dealer acquisition program.

**OBJECTION:  This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the documents sought would be wholly irrelevant.  The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

3.  All documents relating to your contributions to or involvement in Medical Manager's dealer acquisition program.

**OBJECTION:  This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the materials would be wholly irrelevant.  The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

4.  All documents relating to your duties, responsibilities and activities as an employee of Medical Manager.

**OBJECTION:  This unparticularized request is overly broad and unduly burdensome as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the materials are wholly irrelevant.  The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

5.   All documents relating to your employment with Medical Manager and the reasons for leaving your employment with Medical Manager.

**OBJECTION:  These records are confidential and protected under Connecticut Law. This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b). Many of the materials are wholly irrelevant.  The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

6.   All tax returns, tax documents, tax reports and records, refund checks (front and bank), and any correspondence with an accountant or other financial advisor, relating to Kevin Kennedy.

**OBJECTION:  These records are confidential and protected under Connecticut Law and Florida Law. This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the materials are wholly irrelevant. The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

7.   All documents relating to any of the following individuals or companies:
   a.   Robert W. Davids
   b.   Patrick J. Sedlacek
   c.   Henry Holbrook
   d.   Caroline Bembry
   e.   Charles Hutchinson
   f.   William Kottage
   g.   Shelby Stilp
   h.   Robert Lee
   i.   Glen Moss
   j.   George King
   k.   Mike Sherman
   l.   Alan Monette

    m.    Dick Pedersen

    n.    Any corporation, partnership, association, business, proprietorship or entity owned or controlled by any of the individuals listed above, including:

        i.     Strategic Resource Group
        ii.    Infinity Consulting Group
        iii.   Cardinal Consulting
        iv.    Poseidon Consulting
        v.     Arrow Consulting
        vi.    Medical Computer Systems, Inc.
        vii.   Software Systems, Inc.
        viii.  SkillTech
        ix.    MedTech
        x.     Moss Systems, Inc.
        xi.    Micro Edge, Inc.
        xii.   PC Anywhere Group, LLC.
        xiii.  Computer Migration Consultants.

    **OBJECTION: This unparticularized request is overly broad and unduly burdensome as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b). The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

    8.    All communications, correspondence, and e-mail correspondence with any of the following individuals or companies:

    a.    Robert W. Davids
    b.    Patrick J. Sedlacek
    c.    Henry Holbrook
    d.    Caroline Bembry
    e.    Charles Hutchinson
    f.    William Kottage
    g.    Shelby Stilp
    h.    Robert Lee
    i.    Glen Moss
    j.    George King

k.   Mike Sherman
l.   Alan Monette
m.   Dick Pedersen
n.   Any corporation, partnership, association, business, proprietorship or entity owned or controlled by any of the individuals listed above, including:

     i.     Strategic Resource Group
     ii.    Infinity Consulting Group
     iii.   Cardinal Consulting
     iv.    Poseidon Consulting
     v.     Arrow Consulting
     vi.    Medical Computer Systems, Inc.
     vii.   Software Systems, Inc.
     viii.  SkillTech
     ix.    MedTech
     x.     Moss Systems, Inc.
     xi.    Micro Edge, Inc.
     xii.   PC Anywhere Group, LLC.
     xiii.  Computer Migration Consultants.

**OBJECTION:  This unparticularized request is overly broad and unduly burdensome as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  It clearly seeks documents that are wholly irrelevant. The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

9.   All agreements or contracts with any of the following individuals or companies:

a.   Robert W. Davids
b.   Patrick J. Sedlacek
c.   Henry Holbrook
d.   Caroline Bembry
e.   Charles Hutchinson
f.   William Kottage
g.   Shelby Stilp
h.   Robert Lee

i.   Glen Moss
j.   George King
k.   Mike Sherman
l.   Alan Monette
m.   Dick Pedersen
n.   Any corporation, partnership, association, business, proprietorship or entity owned or controlled by any of the individuals listed above, including:

       i.     Strategic Resource Group
      ii.    Infinity Consulting Group
     iii.   Cardinal Consulting
     iv.    Poseidon Consulting
      v.     Arrow Consulting
     vi.    Medical Computer Systems, Inc.
    vii.   Software Systems, Inc.
   viii.   SkillTech
     ix.    MedTech
      x.     Moss Systems, Inc.
     xi.    Micro Edge, Inc.
    xii.   PC Anywhere Group, LLC.
   xiii.   Computer Migration Consultants.

**OBJECTION:  This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the materials sought are wholly irrelevant.  The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

10.  All documents and banking records for Kevin Kennedy, including cancelled checks (front and back) and wire transfer information, relating to any money received from or transferred to any of the following individuals or companies:

a.   Robert W. Davids
b.   Patrick J. Sedlacek
c.   Henry Holbrook
d.   Caroline Bembry

e.    Charles Hutchinson
f.    William Kottage
g.    Shelby Stilp
h.    Robert Lee
i.    Glen Moss
j.    George King
k.    Mike Sherman
l.    Alan Monette
m.    Dick Pedersen
n.    Any corporation, partnership, association, business, proprietorship or entity owned or controlled by any of the individuals listed above, including:

      i.      Strategic Resource Group
      ii.     Infinity Consulting Group
      iii.    Cardinal Consulting
      iv.     Poseidon Consulting
      v.      Arrow Consulting
      vi.     Medical Computer Systems, Inc.
      vii.    Software Systems, Inc.
      viii.   SkillTech
      ix.     MedTech
      x.      Moss Systems, Inc.
      xi.     Micro Edge, Inc.
      xii.    PC Anywhere Group, LLC.
      xiii.   Computer Migration Consultants.

11.  All documents and records relating to a February 1, 2001 check in the amount of $35,926.50 written to Kevin Kennedy from Robert Davids' Regions Bank Account No. 39-0392-9272.

**OBJECTION:    These records are confidential and protected under Connecticut Law and Florida Law. This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the documents sought are wholly irrelevant.  The second amended subpoena also fails to give this non-party witness sufficient time to respond.**

12.  All documents and records, including cancelled checks (front and back) and wire transfer information, relating to any individual or joint accounts in the name of Robert W. Davids or Patrick J. Sedlacek.

OBJECTION:   These records are confidential and protected under Connecticut Law and Florida Law. This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b). Many of the documents sought are wholly irrelevant. The second amended subpoena also fails to give this non-party witness sufficient time to respond.

13.  All documents and records, including cancelled checks (front and back) and wire transfer information, relating to accounts in the name of any corporation, partnership, association, business, proprietorship or entity in which Robert W. Davids or Patrick J. Sedlacek is an agent, employee or representative, including Strategic Resource Group, Infinity Consulting Group, Cardinal Consulting, Poseidon Consulting or Arrow Consulting.

OBJECTION:   These records are confidential and protected under Connecticut Law and Florida Law. This unparticularized request is overly broad and unduly burdensome in as contemplated by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the documents sought are wholly irrelevant. The second amended subpoena also fails to give this non-party witness sufficient time to respond.

14.  All documents and banking records, including cancelled checks (front and back) and wire transfer information, relating to two checks from Medical Manager to Medical Computer Systems, each in the amount of $255,000 and a check from Medical Manager to Holt Enterprises in the amount of $166,024.17.

OBJECTION:   These records are confidential and protected under Connecticut Law and Florida Law. This unparticularized request is overly broad and unduly burdensome in as contemplated

by FRCP 45(c)(3)(iv) and FRCP 26(b).  Many of the documents
sought are wholly irrelevant.  The second amended subpoena also
fails to give this non-party witness sufficient time to respond.

NON-PARTY
KEVIN KENNEDY

BY: _____
TIMOTHY P. POTHIN, ESQ.
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506
(203) 787-0275
Federal Bar No. ct02744

CERTIFICATION

This is to certify that a copy of the foregoing was mailed
and/or electronically-delivered to all counsel and pro se
parties of record as follows on March 17, 2004:

Dennis P. Waggoner, Esq.
Hill, Ward & Henderson
3700 Bank of America Plaza
101 E. Kennedy Boulevard
P.O. Box 2231
Tampa, FL  33601

Richard T. Petitt, Esq.
Bricklemyer, Smolker & Bolves, PA
500 E. Kennedy Boulevard, Ste. 200
Tampa, FL  33602

_____
Timothy P. Pothin

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MEDICAL MANAGER HEALTH
SYSTEMS, INC. and WEBMD CORPORATION,

       Plaintiffs,

v.                            Case No. 3:04mc446(JBA)

KEVIN KENNEDY,

       Defendant.

_____/

STATE OF FLORIDA      :
COUNTY OF HILLSBOROUGH  :

## AFFIDAVIT OF DENNIS P. WAGGONER

      BEFORE ME, the undersigned authority, personally appeared Dennis P. Waggoner, who,

upon being duly sworn, deposes and states as follows:

      1.     I am an attorney at the law firm of Hill, Ward & Henderson, P.A. in Tampa,

Florida.  Hill, Ward & Henderson represents WebMD Corporation and Medical Manager Health

Systems, Inc. in this action and in <u>Medical Manager Health Systems, Inc. and WebMD</u>

<u>Corporation v. Robert W. Davids</u>, Case No. 8:03-CV-632-T-26TGW, pending in the United

States District for the Middle District of Florida, Tampa Division.

      2.     I have personal knowledge of the facts set forth herein.

      3.     I certify that I have conferred with Timothy Pothin, counsel for Kevin Kennedy,

by letter and by telephone in a good faith effort to resolve by agreement, without the intervention

of the Court, the issues raised by WebMD Corporation and Medical Manager Health Systems,

Inc.'s Motion to Compel Compliance with Second Amended Subpoena Duces Tecum or in the



EXHIBIT
F

Alternative to Require A Consent Directive for the Release of Federal Income Tax Returns (the "Motion to Compel").

4.      I further certify that I have been unable to reach an agreement with counsel for Kevin Kennedy on any of the issues raised in the Motion to Compel.

5.      Under penalties of perjury, I declare that I have read the foregoing and that the facts stated therein are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.



DENNIS P. WAGGONER

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this _25th_ day of _August_, 2004, by Dennis P. Waggoner, who is personally known to me, ~~or who has produced _____ as identification.~~

NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

G:\DPW\WebMD (Medical Manager Corporation)\Davids\Pleadings\Waggoner Affidavit2.doc

LYDIA L. MARSHALL
MY COMMISSION # DD 250597
EXPIRES: January 17, 2008
Bonded Thru Notary Public Underwriters